E. E. STAGNER, Respondent, v. RICH HILL, Appellant.

Kansas City Court of Appeals, July 2, 1906.

1. MUNICIPAL CORPORATIONS: Defective Sidewalks: Evidence: Instructions. An examination shows the plaintiff's evidence sufficient to support the unexceptionable instructions given to the jury.

2. ———: ———: Notice: Argument: Verdict. An argument of counsel in referring to the non-production of certain officials of the city on the subject of notice is held legitimate; and a verdict is not subject to criticism as showing passion or favor on the part of the jury.

Appeal from the Circuit Court of Bates County.—*Hon. Charles A. Denton,* Judge.

AFFIRMED.

*J. R. Hales* for appellant.

(1) Where counsel is permitted against objection to make or persevere in improper remarks, the appellate court may properly interfere. Sidekum v. Railway, 93 Mo. 400; Norton v. Railway, 40 Mo. App. 647; Gibson v. Zeibig, 24 Mo. App. 65; Smith v. Tel. Co., 55 Mo. App. 632. And especially is this true where the record shows what the prejudicial remarks were, and the circum-

stances under which the same were made.    State v. Thornton, 108 Mo. 640.    (2)    Appellate courts will review actions of trial courts in the exercise of their judicial discretion, where manifest abuse of that discretion has been shown.    Caldwell v. McKee, 8 Mo. 334; Bullock v. Cook, 28 Mo. App. 222; Collins v. Glass, 46 Mo. App. 297; Eidemiller v. Kump, 61 Mo. 340.    (3) Where the preponderance of the evidence against the verdict in an action at law, is so strong as to raise a presumption of prejudice, passion, or partiality on the part of the jury, a new trial ought to be granted.    Friesz v. Fallon, 24 Mo. App. 439; Emery v. Cable Co., 45 Mo. App. 422; Lovell v. Davis, 52 Mo. App. 342.

*W. O. Jackson* for respondent.

(1)    There are no remarks shown in the bill of exceptions that were excepted to and putting them in a motion for a new trial, is not sufficient, that amounts to nothing.    Norris v. White, 158 Mo. 32; State v. Reed, 154 Mo. 126.    (2)    As to excessive damages, it would hardly seem necessary to advert to that in the light of the testimony.    The law relative to excessive damages is stated in Walsh v. McAlister, 15 Mo. App. 501; Sedgwick on Damages, 466.    There was no passion of prejudice in this verdict which is evidenced by the fact that they cut the amount prayed for $2,500 down to $400, which is a moderate verdict for the injury sustained.

ELLISON, J.—The plaintiff while walking along one of defendant's streets after dark fell into an excavation made for a sidewalk and was injured.    She recovered a judgment in the trial court.

It appears that the plaintiff, a laundress, was going to her home after night along one of the principal streets of defendant and fell into an excavation about ten inches deep, which had been left unguarded and unlighted.    There was no dispute as to the existence of the

excavation; and the evidence in plaintiff's behalf tended to show that she, while in the exercise of proper care, was passing along the street after dark and fell into it whereby she was injured. It was not guarded by railing or other barrier, neither was it, in lieu of such protection, guarded by any warning light. There was further evidence tending to show that the city had actual knowledge of the place and its condition, and we can see no objection to the result if the instructions were correct. We have examined them and find those for plaintiff to be unexceptionable. All asked by defendant were given.

But serious objection is made to the remarks of plaintiff's counsel to the jury; or rather, to the course of his argument on the question of the city's knowledge of the excavation. On this head we are cited to several authorities. There is no doubt of the general rule as contended for by defendant's counsel. But, in our opinion, the argument was legitimate and proper. It had reference to the non-production of some of the city officials on the subject of notice. When there is evidence tending to support a charge against a defendant and he does not deny it, it is not improper to call attention to such matter in argument. The point here may be likened to that. The question was one of knowledge on part of defendant. Evidence and reasonable inference therefrom, pointed strongly to knowledge. We believe that counsel was within proper bounds in calling attention to a lack of evidence to the contrary on the part of the officials in question.

The verdict is criticised as showing passion or favor on the part of the jury. We think the criticism not well made. The amount of the verdict shows the jury to have acted conservatively and moderately.

The judgment is affirmed. All concur.