STATE OF MISSOURI, Respondent, *v.* WILLIAM KENNEDY, Appellant.

December 9, 1884.

1. CRIMINAL LAW — BURGLARY. — One who enters a house through an open window or door is not guilty of burglary.

2. —— PRACTICE. — Appellate courts will reverse a criminal conviction which is without substantial evidence to support it.

APPEAL from the St. Louis Criminal Court, VAN WAGONER, J.

*Reversed as to burglary, and affirmed as to larceny.*

R. W. GOODE, for the appellant.

T. B. HARVEY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant was indicted in one count for burglary in the second degree and larceny. He was convicted of both offences, and his punishment was assessed at seven years in the penitentiary, four years for the burglary and three years for the larceny.

The evidence tended to show that the prosecuting witness, Renn, and one Corcoran, slept in a room on the second floor of a building; that about half-past four o'clock in the morning Renn, who was a street railway conductor, got up and went to his work, leaving Corcoran in bed, and leaving the door of the room open at Corcoran's request; that in order to get from the room to the street it was necessary to pass through two doors; that Renn returned about six o'clock and found that his coat had been stolen; that the window was up and that there were marks on the window and awning which indicated that the thief had entered or escaped through the window. As to whether the window was up at the time the thief entered, the evidence is not clear. Renn testifies that he shut the window when he went to bed; that he did

not notice it open when he got up, and that he could not say whether it was up or down when he left the room. Corcoran could not say whether it was open or shut when he (Corcoran) went to bed; but it does not appear which went to bed first, Renn or Corcoran. For aught that appears Corcoran may have gone to bed last and left the window open. There is nothing in the testimony which excludes this hypothesis; and the prisoner was entitled to the benefit of whatever doubt there was on this point.

Then supposing that the entrance may have been made through the door, the inner door was certainly open when the entrance was effected, and whether the outer door was open or shut, there was no evidence. If the thief climbed in through an open window or walked in through an open door, the offence was not burglary. The other evidence in the case was sufficient to sustain the verdict for the larceny. But we do not think that the evidence was sufficient to take the case to the jury upon the question of burglary, and we therefore think that the court erred in refusing to instruct the jury, as requested by the prisoner, that they must aquit the defendant of the burglary.

Following the precedent of *The State* v. *Alexander* (56 Mo. 131), and *The State* v. *Bruffey* (11 Mo. App. 79), we therefore reverse the judgment as to the burglary and affirm it as to the larceny. It is so ordered. All the judges concur.