## THE STATE v. L. E. HOLLIS, Appellant.

Division Two, December 1, 1920.

1. **INFORMATION: Killing of Hog: Charged to Dog: Inference Limited to Charge.** An information charging that defendant "did feloniously, wilfully and maliciously kill a hog, the property of G. C. Wilson, by then and there allowing and permitting a vicious dog, belonging to said defendant and under his control, to bite, tear, wound and kill said hog," excludes any human agency in the killing of the hog except through the instrumentality of the dog, and no inference can be indulged that the hog was killed by any weapon or instrument held in the hands of defendant or any other person.

2. **INSUFFICIENT EVIDENCE: Suspicion: Killing Hog.** Evidence sufficient to raise only a suspicion of defendant's guilt will not support a conviction. Guilt cannot be presumed, but must be proved by evidence. Where defendant was charged with wilfully and maliciously causing his dog to kill his neighbor's hog, evidence that the neighbor found the hog buried in defendant's field, dug it up and found a hole two to three inches in diameter in its side, that wagon tracks were discovered leading from the place where the hog was buried, through defendant's land, that defendant had borrowed a wagon which he had returned at the time the dead hog was discovered, that there were mud and stains resembling blood on the wagon, that defendant had a vicious dog and that the neighbor's hogs had been in defendant's field at former times and had been chased by his dog, is not sufficient to show the defendant's agency in "wilfully and maliciously" causing the dog to kill the hog.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*Ward & Reeves* for appellant.

(1)   The State in this case relied for conviction solely upon circumstantial evidence. In an attempt to prove that the defendant killed the hog, the State offered circumstantial evidence to show the defendant had buried the hog, but there was no circumstance in evidence to connect the defendant with the killing of the hog. In other words, the State undertakes to base one presumption upon another presumption. If the State had proved as a fact that the defendant had buried the hog, then it might be presumed or inferred that he killed it. Before a presumption can be entertained from a proven or asserted fact, such fact must be proved by direct evidence. But the State in this case asked the jury to presume that the defendant buried the hog from a mere circumstance or guess, and then further to presume or infer from that fact that the defendant actually killed the hog. State v. Lackland, 136 Mo. 26; Hayes v. Hogan, 273 Mo. 25; Yarnell v. Railway, 113 Mo. 570; Bigelow v. Railway Co., 48 Mo. App. 367; Glick v. Railway, 57 Mo. App. 97; Trotte v. Railway Co., 122 Mo. App. 415. The *corpus delicti* was not proven in this case. To prove the *corpus delicti* there must be substantial proof that the hog died from a wound or injury unlawfully inflicted by defendant. Both the criminal act and the agency of defendant in the commission of the act must be shown; and neither was established in this case. State v. Bass, 251 Mo. 107; State v. Miller, 234 Mo. 558; State v. Crabtree, 174 Mo. 650; State v. Dickson, 78 Mo. 447.   (2)   There is absolutely no evidence in this case to sustain the judgment. "At most, the evidence adduced only raised a suspicion against defendant, and

under such circumstances no conviction for crime should be permitted to stand.'' And, ''It matters not that there was no evidence tending to show that some other person than the defendant committed the crime.'' State v. Morney, 196 Mo. 49, 51; State v. Francis, 199 Mo. 671; State v. Young, 237 Mo. 170; State v. Scott, 177 Mo. 665; State v. Woodson, 175 Mo. App. 393.

*Frank W. McAllister,* Attorney-General, and *J. W. Broaddus,* Assistant Attorney-General, for respondent.

(1) The information is sufficient in form and substance and follows the language of the statute creating the offense. Sec. 4627, R. S. 1909; Kelley's Criminal Law & Practice, p. 660; State v. Woodward, 95 Mo. 129; State v. Hambleton, 22 Mo. 452; State v. Barton, 214 Mo. 318. (2) The *corpus delicti* was established. State v. Schyhart, 199 S. W. 211. (3) Where there is any substantial evidence tending to establish defendant's guilt, this court will not interfere, as the weight of the evdence is for the jury. It is only where there is a total failure of evidence or where it is so weak as to justify the conclusion that the verdict was the result of passion or prejudice, that this court will interfere. State v. Underwood, 263 Mo. 685; State v. Concelia, 250 Mo. 412. (4) There was substantial evidence tending to show defendant's guilt. State v. Barton, 214 Mo. 316; State v. Nicholson, 56 Mo. App. 412.

WHITE, C.—The defendant was tried and convicted in the Circuit Court of Pemiscot County for killing a hog, the property of G. C. Wilson, his punishment assessed at fifty dollars' fine, and he has appealed from the judgment thereupon rendered. The statute which the appellant was charged with violating, Section 4627, Revised Statutes 1909, declares it a crime punishable by imprisonment in the penitentiary, wilfully, maliciously or cruelly to kill, maim, wound or beat certain animals, including hogs.

In the fall of 1919 the defendant L. E. Hollis, and G. C. Wilson, lived on adjoining farms in Pemiscot County. Wilson was the owner of some brood sows; sometime in October or November of that year he missed one of them, and in a few days found the hog buried in the defendant's field. He dug it up and found that the hog apparently had been killed; a large hole two or three inches in diameter was in its side near the hind leg. Wagon tracks were discovered leading from the place where the hog was buried, through the defendant's land and across a bridge near his house. About that time the defendant had borrowed from a neighbor a wagon which he had returned at the time the dead animal was discovered. The wagon was examined by some witnesses, who swore there was mud in it, and stains resembling blood stains. There was some testimony that Wilson's hogs had been in the defendant's field at former times and had been chased by the defendant's dog. The nature of the wound in the hog which probably caused its death was described by several witnesses. One witness described it as a round hole, about two inches across, which had been torn. The witness stated that he saw no marks on the hog's ears or hind legs or tail indicating that she had been bitten by a dog, except the round hole in her belly. Another witness in describing the wound also said there was no evidence that the ears or the tail had been chewed by a dog, and he could not tell whether the hole was punched in the sow before or after she died. Another witness was asked if the wound was ragged or jagged, and said no, "it looked to be a round hole," that he could almost put his two fists in. Another witness who described the hole in much the same manner said he couldn't tell whether the wound caused the hog's death. It was shown that the defendant had a dog. The character of the dog is described in this manner, by Wilson:

"Q. I will ask you whether or not Mr. Hollis has a vicious dog about his premises, or did he have about that time? A. Yes sir, he did." Mr. Wilson further

said that the dog had torn up his stock previous to the time when his hog was missing, but gave no particulars.

The defendant introduced evidence to show that he had used the borrowed wagon for another purpose.

I.   The information on which the defendant was tried, framed under Section 4627, Revised Statutes 1909, charges that the defendant "did feloniously, wilfully and maliciously kill a hog, the property of G. C. Wilson by then and there allowing and permitting a vicious dog belonging to said Hollis and under his control to bite, tear, wound and kill said hog," etc.   This declaration excludes any human agency in the alleged destruction of the hog except through the instrumentality of the dog.   No inference can be indulged that the hog was killed by any weapon or instrument held in the hands of the defendant or any other person.

*Information.*

II.   Appellant claims that the proof failed to show any agency of the defendant in connection with the death of the hog, and that a case was not made out for the jury.

We have sufficiently set out above the evidence showing the circumstances which could connect the defendant with the dead animal.   The evidence is entirely circumstantial.   It may be conceded that the evidence was sufficient to support a finding by the jury that the defendant buried the hog. The wagon tracks which led across his own field and along his own private way to the place where the hog was buried, the apparent blood stains found in the wagon afterwards, the fact that Wilson's hogs had been in defendant's field before, are sufficient to warrant an inference to that effect.

*Insufficient Evidence.*

But would that be sufficient to show that the defendant killed the hog?   True, there was a possible motive in the depredations of Wilson's hogs.   There was an instrument, in the possession of the dog; there was an opportunity.   But conceding that the defendant buried the hog, could it be inferred from that circumstance that he "wilfully and maliciously" caused its death?   If the

dog was of a vicious character, such as the prosecuting witness described, by mere conclusion, and if it be conceded that the wound on the hog was caused by a dog, it remains to show the agency of the defendant in causing that result. The dog might very well have killed the hog without the defendant's knowledge, and without any intention on his part to kill or injure the hog. A crime will not be presumed (Capp v. St. Louis, 251 Mo. 1. c. 373), but must be proved by evidence. If the hog was killed on defendant's premises by his own dog without his agency in setting the dog on, of which there is no evidence direct or circumstantial, no crime was committed under the section of the statute mentioned. The defendant had sufficient motive and incentive to bury the hog in order to conceal the fact that his dog had killed it. The evidence indicating that the death of the hog was caused by some dog is entirely circumstantial. It could not be inferred from the defendant's possession of the dog that he wilfully and maliciously set the dog on the hog and produced the effect which resulted. The evidence at most raises only a suspicion of defendant's guilt and is entirely insufficient to submit to the jury the question of the defendant's agency in producing the death of the hog. [State v. Adkins, 222 S. W. l. c. 435; Hays v. Hogan, 273 Mo. l. c. 25; Trotter v. Ry. Co., 122 Mo. App. l. c. 415; State v. Nave, 283 Mo. 35; State v. Schyhart, 199 S. W. 205, l. c. 211; State v. Ruckman, 253 Mo. l. c. 499.]

The judgment is reversed and defendant discharged *Railey and Mozely, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.