## THE STATE v. BEN POPE, Appellant.

### Division Two, December 9, 1922.

**NO SUBSTANTIAL EVIDENCE: Blood Hounds.** A store having been burglarized after eleven o'clock at night and money stolen from a cash register, about the noon hour next day two blood hounds were laid upon the register and the panel of a door, both of which had been broken. In care of the man who had trained them, they took up the scent and followed it about one hundred and fifty yards to a point at which it appeared some one had gotten into an automobile; there they lost the trail, and were placed in an automobile and taken two miles and a half to a saw mill, and led through a crowd of ten men, but showed no signs of trailing. They were again placed in the machine, and taken to a house a half mile away, which had been the home of defendant, and where it was suggested that another suspect might be found. There they picked up a trail, and followed it to the door of a house on a hill, where defendant's father lived. From this door they trailed through a barn lot and out onto a hillside, and this trail led by a well, where defendant had been seen, but the older dog lost the trail on the hillside where were some horses and cows. They were then taken in an automobile seven miles to the house of another man, where the younger dog followed a trail to a road, where some man had gotten into a machine. The dogs at no time saw defendant. *Held*, that there was no substantial evidence of defendant's guilt, and his demurrer offered at the close of the evidence should have been sustained, and he is accordingly discharged.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

REVERSED.

State v. Pope.

*John D. Taylor* for appellant.

(1) Testimony of the conduct of the dogs in this case did not comply with the established rules for the admission of such evidence or the consideration of the same by a jury. Their conduct was not even such as could be considered in connection with other evidence. State v. Rasco, 239 Mo. 535; People v. Phanschmidt, 35 Ann. Cas. 1171; State v. Stout, 25 Ann. Cas. 27. (2) Evidence of flight is not sufficient in itself to warrant a conviction, but is only a circumstance to be considered in connection with other positive facts proved. State v. Knowles, 185 Mo. 141; State v. Lewkowitz, 265 Mo. 613; State v. Potter, 108 Mo. 424; State v. Griffin, 87 Mo. 608.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

(1) Where there is record evidence of the pedigree of a dog or a written registration thereof, oral testimony as to the pedigree is inadmissible unless the oral testimony is to be given by the person who made the record. Where a witness has had the opportunity to observe the breeding and training of a dog, he may give his opinion as to whether or not a dog will trail a human being. State v. Rasco, 239 Mo. 535; 8 R. C. L. 184. (2) Statements made by an accused, although under arrest, are admissible in evidence. State v. Prunty, 276 Mo. 359; State v. Creecy, 225 S. W. 1012. (3) The court erred in overruling appellant's demurrer to the evidence. State v. Griffin, 87 Mo. 608, 612; State v. Walker, 98 Mo. 95, 108; State v. Sparks, 225 S. W. 1031; State v. Lewkowitz, 265 Mo. 613; Hickory v. United States, 160 U. S. 408; Albert v. United States, 162 U. S. 510; Starr v. United States, 164 U. S. 625; Elmore v. State, 98 Ala. 12; 2 Wharton's Criminal Evidence, p. 1495; 8 R. C. L. p. 193.

RAILEY, C.—An information was filed in the Circuit Court of Chariton County, Missouri, on September 13, 1921, charging defendant with the crimes of burglary and larceny in said county, on June 4, 1921. That is to say, defendant was charged with feloniously entering a building of James G. Bushnell, with the intent to steal and carry away $165, belonging to said Bushnell. He waived a formal arraignment and entered his plea of not guilty. His trial was commenced on September 20, 1921, and, on the next day, the jury returned the following verdict:

"We, the jury, find the defendant guilty of burglary as charged in the information and assess his punishment at two years in the penitentiary.

"J. E. DAVIS, Foreman.

"We, the jury, find the defendant guilty of larceny as charged in the information and assess his punishment at two years in the penitentiary.

"J. E. DAVIS, Foreman."

The judgment and sentence were for a term of four years in the penitentiary, from which he appealed to this court.

The evidence on the part of the State shows substantially the following facts:

That on June 4, 1921, the store building of James Bushnell was broken into, and $165 in money was taken from his cash register. The latter had been opened by bursting the bottom of same. The owner had locked the safe and the store building at eleven o'clock on the evening preceding the burglary. At about seven o'clock the next morning, the owner and his wife discovered that the store had been burglarized. At about noon, on June 5, 1921, the owner of two blood hounds sent them, in care of a man who had helped train them, to the scene of the burglary. They were laid on the register and the panel of a door, that had been broken, and took up the scent, which they followed south about 150 yards from the store, to a point where it appeared some one had gotten into an automobile. The dogs lost the trail at the above point, were then placed in an auto-

mobile, and taken in a northeasterly direction for two miles and a half to a saw mill, where as many as ten people were present. The dogs were taken out of the car at the saw mill, and led through the crowd. They showed no signs of trailing there, were put back in the machine, and taken to a house a half mile away, where it was suggested that another suspect might be found. The dogs picked up a trail at that house, and followed it to another house on the hill. The first place had been the home of defendant, and the second one the home of his father. The older of the two dogs trailed to the door of the father, through the barn lot and out on the hillside. The trail took them by a well, where defendant had been seen. The older dog lost the trail again on the hill where some cows and horses were located. The dogs never at any time saw defendant. They were then loaded into an automobile, taken to a town seven miles distant, and to the home of another suspect named Verne Hudson. Upon the arrival there of the officers and dogs, Hudson left home. The younger dog followed a trail to the road, where a man had gotten into a machine. The officers got in their machine, followed Hudson about two miles and arrested him.

Defendant's evidence tends to show by two of his relatives, that appellant was at home at the time of the burglary. His brother testified that he did not change clothes or shoes with appellant, and that he had no conversation with anyone about it. This witness also testified that he was at his father's well on the morning following the burglary, and that a man who worked for him got a bucket of water at the former home of appellant. This same witness testified that, about nine o'clock on the night of the robbery, he was at Bushnell's store with Mr. Wayne Thompson and delivered some eggs to Bushnell; that he left there and went home in a machine; that his house was west of his father's.

Wayne Thompson testified that he and Bill Pope delivered some eggs to Bushnell the night of the burglary.

We have read the record carefully in this case, and have set out the evidence as disclosed therein. We are decidedly of the opinion that no substantial testimony was produced at the trial upon which a verdict of conviction can be upheld. The defendant's demurrer to the evidence at the conclusion of the case should have been sustained. [State v. Remley, 237 S. W. l. c. 491-2, and cases cited.]

The Attorney-General, and his assistant, have, with commendable fairness, confessed error in this cause, and have recommended that the judgment below be reversed, for the reason that there is no substantial evidence in the case upon which a legal conviction can be sustained.

The judgment below is accordingly reversed without remanding. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.