THE STATE v. WILLIAM S. GODDARD, Appellant.

Division Two, December 20, 1926.

1. **BURGLARY: Failure of Proof.** Where the proprietors testify that when they left the store alleged to have been burglarized during the night the doors and windows were all locked and secured and that the next morning they were still locked and there was no evidence of breaking, and no one saw any one in the store or attempting to enter, there is a total failure of the **corpus delicti;** and evidence that about six o'clock next morning defendant was seen standing at the front of the store with a sack containing bacon, jam and oranges with cost marks similar to those on like articles sold in the store, is no evidence that he broke into the store with intent to commit a crime.

2. ———: **Breaking: To Commit any Crime.** Under the amendment to Section 3297, Revised Statutes 1919, made by the Act of 1921, Laws 1921, page 196, it is burglary in the second degree to break into a building to commit **any** crime.

3. ———: **Other Burglaries.** In the trial of a defendant charged with burglarizing a store, testimony of a witness that about three weeks previously, about 2:30 o'clock at night, he saw defendant behind the counter in the same store, while it was lighted, is incompetent for any purpose. It does not tend to establish burglary or any other crime.

Corpus Juris-Cyc. References: **Burglary,** 9 C. J., Section 58, p. 1033, n. 15; Section 121, p. 1064, n. 17; Section 123, p. 1067, n. 47; Section 132, p. 1074, n. 7; Section 133, p. 1076, n. 31; p. 1077, n. 38.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

REVERSED AND REMANDED.

*M. E. Montgomery* and *M. G. Gresham* for appellant.

(1)   Before a conviction can be upheld the evidence must show that the crime charged has been committed by someone, and the criminal agency of the defendant in its commission. State v. Scott, 39 Mo. 424; State v. Bowman, 243 S. W. 110; State v. Joy, 285 S. W. 489; State v. Knolle, 90 Mo. App. 238; State v. Counts, 234 Mo. 580; State v. Rutledge, 262 S. W. 718; State v. DeWitt and Jones, 191 Mo. 51; State v. Hammons, 226 Mo. 604; State v. Madison, 177 S. W. 347.   (a)   And a suspicion that defendant committed the crime charged, however strong, will not support a conviction. State v. Morney, 196 Mo. 43; State v. Francis, 199 Mo. 671; State v. Young, 237 Mo. 170; State v. Johnson, 209 Mo. 346; State v. King, 174 Mo. 647.   (b)   An extra-judicial confession of the defendant will not

support a conviction in the absence of other proof of the *corpus delicti*. State v. Mullinix, 257 S. W. 121; State v. Bowman, 243 S. W. 110; Robinson v. State, 12 Mo. 596. (2) It was reversible error to permit the State's witness to testify that he saw the defendant committing a burglary about three weeks prior to the ·offense for which defendant was being tried. State v. Spray, 174 Mo. 569; State v. Dixon, 253 S. W. 746; State v. Saunders, 232 S. W. 973; State v. Austin, 234 S. W. 802; State v. Stetson, 222 S. W. 425; State v. Barker, 249 S. W. 75; State v. Fenley, 275 S. W. 41; State v. Calbert, 282 S. W. 106. If such testimony was properly admitted for any purpose it was error for the court to fail to give the jury an instruction limiting the consideration of that testimony to the purpose for which it was competent. State v. Gaede, 186 S. W. 1009; State v. Young, 266 Mo. 723; State v. Madison, 177 S. W. 347; State v. Wilson, 223 Mo. 156; State v. Smith, 250 Mo. 350; State v. Turley, 142 Mo. 403.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

(1) There is no evidence of any breaking; the proprietors of the store testified that the doors were locked when they left the evening before the alleged burglary, and that the next morning after the alleged burglary the doors were closed and locked. There is no evidence that there was any breaking through the windows or otherwise. (2) There is no evidence that any goods were missing from the stock of merchandise. The sack found in the possession of the defendant contained articles having on them the cost marks of the store. But now the defendant is charged with burglary, not larceny. The question is, was there any substantial evidence to show such a breaking and entering as to constitute burglary? "It will be observed that the essential elements of the offense provided by that section are: First, there must be a breaking into a building of the character mentioned in the statute." State v. Taylor, 186 Mo. 613. "To prove the *corpus delicti,* the evidence must be sufficient to show affirmatively and beyond a reasonable doubt that there was such a breaking and entering as are necessary to constitute burglary." 9 C. J. 1076. (3) As to the evidence about the defendant being in the store building at 2:30 o'clock at night three weeks before the date of the burglary, relied upon by the State. The only purpose of this testimony was to show the jury that the defendant had on a previous date unlawfully entered the store. There was an instruction informing the jury that the purpose of the testimony was to show the intent on the part of the defendant. On a charge of burglary, "the act of the defendant, if he committed it, needed no explanation to indicate

intent." The act itself carried the intent with it. State v. Spray, 174 Mo. 585. "The State cannot prove against a defendant any crime not alleged either as foundation for a separate punishment, or as aiding the proofs that he is guilty of the one charged, even though he has put his character in issue." State v. Spray, 174 Mo. 576; State v. Dickson, 253 S. W. l. c. 748.

RAILEY, C.—On November 2, 1925, the Prosecuting Attorney of Scott County, filed in the circuit court of said county a verified information which, omitting formal parts, reads as follows:

"Now comes Stephen Barton, Prosecuting Attorney within and for the County of Scott, who in this behalf prosecutes for and in the name of the State of Missouri, and upon his official oath and upon his hereunto appended oath, informs the court, and does present, aver and charge that the said defendant, William Goddard, on or about the 30th day of August, A. D. 1925, at the said County of Scott, in the State of Missouri, did feloniously and burglariously break into and enter the store of and owned by T. A. Essner and J. F. Diebold, doing business under the firm name of Essner Brothers & Company, there situate, the same being a building in which divers goods, merchandise and valuable things were then and there kept for sale and deposited, with intent the goods, merchandise and valuables in the said store then and there being, then and there feloniously and burglariously to steal, take and carry away; and thirteen pounds of bacon of the value of forty cents per pound, one jar of jelly and one jar of jam of the value of thirty-five cents each; two cans of corn of the value of twenty cents each, two dozen oranges of the value of fifty cents per dozen, and two boxes of graham crackers of the value of ten cents per box, all of the aggregate value of seven dollars and fifty cents, of the personal goods and property of the said T. A. Essner and J. F. Diebold, then and there in the said store being, did then and there feloniously and burglariously steal, take and carry away; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State."

On defendant's application, a change of venue was granted and the cause transferred to the Circuit Court of Cape Girardeau County, where it was tried before a jury. On April 26, 1926, defendant was arraigned in the last named court and entered a plea of not guilty. Thereafter, on the same day, the following verdict was returned:

"We, the jury find the defendant William Goddard guilty of burglary as charged and we assess his punishment by imprisonment in the penitentiary for a term of two years, and find the defendant guilty of larceny in connection with the burglary and in addition to the punishment for burglary we assess his punishment for a term of two years."

Thereafter, in due time, defendant filed his motion for a new trial, which was overruled on May 3, 1926. On May 7, 1926, defendant filed his motion for a reduction of sentence, which was sustained. It was indorsed and recommended by the prosecuting witnesses in the case, and the prosecuting attorney. On the same day, allocution was granted, judgment rendered and sentence pronounced for burglary, and the punishment fixed at two years in the penitentiary. The prosecuting attorney waived the larceny charge. An appeal was allowed defendant to this court.

The testimony is fairly stated by counsel for respondent, as follows:

"The evidence of the State was to the effect that the store charged to have been burglarized was located in the town of Chaffee; that it was a large store containing about $25,000 worth of goods, general merchandise; that about six o'clock on the morning of August 30, 1925, a witness standing across the street from the store saw some man approaching the front entrance to the store; that this man walked into an off-set, the doors to the building being set back about five feet from the front line of the building. This witness did not see the man enter the store and did not know whether he went in or not. The witness then went to the residence of the police judge close by and told him that there was some one in the store building. The police judge got up and dressed hurriedly and came out on the street with a revolver in his hand and recognized the man who was then standing on the sidewalk as this defendant. The man with the gun testified that the defendant had a sack on his shoulder and was looking up and down the street. When the police judge appeared with his revolver, the defendant ran around the corner of the store and dropped the sack and continued running until he was out of sight. The officer followed him and when he came close to the building where the defendant was hiding, the defendant said, 'Don't shoot, I am coming out.' The officer arrested him and put him in jail, then came back and found the sack which, when opened, was seen to contain a piece of Swift's bacon, some canned goods, and jars of jelly. A clerk in the store testified that the marks on these various articles were put there by him to show the cost price of the articles; that they resembled the goods carried in stock in the store. The witness who testified to seeing this man about six o'clock in the morning, also testified that prior to that time, about four o'clock the same morning, he saw some man go into the front entrance of the store building; that he heard the door slam; that he did not know who it was who went in and did not pay any attention to it at that time.

"The time of the above occurrence was definitely fixed by all the witnesses as the morning of the 30th day of August.

"Another witness was permitted to testify that three weeks prior to that time he was passing this store at 2:30 o'clock at night and

saw this defendant in the store building. The defendant objected to the introduction of this testimony for the reason that it was an attempt to show a separate and distinct crime, and for that reason was not competent, but the testimony was admitted over the objection of the defendant.

"The proprietors of the store testified that when they left the building the evening prior to the burglary, the doors were all locked and secured. They further testified that in the morning after the alleged burglary the doors were locked, and that there was no evidence of any breaking in at any of the doors or windows.

"The defendant testified that in August he was working away from home for the railroad and came home every Saturday night; that he got home about 2:30 Sunday morning, August 30th, and went immediately to bed; that he got up about 5:30 in the morning and went to the bakery; that the place was not open and that he started back home and went by the way of the store which is charged to have been burglarized; that when he got in front of the store he saw a sack sitting by the door; that he thought there was someone in the store and that they had left this sack on the outside; that he tried the door and found that it was locked; that just as he was approaching the store he saw some man across the street; that he picked up the sack and looked across the street trying to see the man who had been there a minute before, but did not see him; that he thought that he might be the man who left the sack; that about that time someone half dressed came out into the street with a revolver and two other men with him; that he did not know they were officers; that they did not look like officers; that they hollered at him and that he thought they were going to shoot, and then he ran around the corner and dropped the sack and hid under a house, and when the man with the gun came and looked under, for the first time he recognized him as the police officer and said to him. 'Don't shoot, I am coming out.' The defendant further denied that he had been in the store at all; denied that he had stolen the goods; and denied that he had been in the store building three weeks prior to that time.

"The defendant's wife testified that the defendant came home about 2:30 from his work; that he got up about 5:30 and went to the bakery. She further testified that the defendant had been afflicted for a year or two and had not been right mentally; that on several occasions just prior to August 30th, he had acted crazy; that he would get lost in their own house and it would take her a long time to get him straightened out; that on a great many nights he would not go to bed, but would sit up all night."

The remaining questions in the case will be considered in the opinion.

I. The information is heretofore set out in which defendant is charged with burglary and larceny. The charge of larceny was finally eliminated from the case by the voluntary action of the prosecuting attorney. The case is pending here on the charge of burglary alone. The information is sufficient as to both form and substance. [State v. Tipton, 307 Mo. l. c. 507-8 and cases cited, 271 S. W. l. c. 57.]

**Failure of Proof.**

Section 3297, Revised Statutes 1919, as amended by Laws 1921, page 196, reads as follows:

"Every person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this State to be burglary in the first degree, or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

Instruction 1 given by the court required the jury to find, beyond a reasonable doubt, from the evidence, that defendant, on August 30, 1925, in Scott County, Missouri, "*did burglariously break into and enter the store building of T. A. Essner and J. F. Diebold,*" with the intent to steal, take and carry away some of the goods located in said building, etc. For the purposes of the case, it may be conceded that the information and the instruction supra, were sufficient as to the charge of burglary in the second degree. But what of the evidence in support of said charge? The Attorney-General and his assistant, with commendable frankness, answer this pertinent inquiry as follows:

"1. There is no evidence of any breaking; the proprietors of the store testified that the doors were locked when they left the evening before the alleged burglary, and that the next morning after the alleged burglary the doors were closed and locked. There is no evidence that there was any breaking through the windows or otherwise.

"2. There is no evidence that any goods were missing from the stock of merchandise. The sack found in the possession of the defendant contained articles having on them the cost marks of the store. But now the defendant is charged with burglary, not larceny."

We have read the evidence carefully and have no hesitation in indorsing the above statement of respondent's counsel. There was an utter failure of proof to establish the *corpus delicti* in this case. In order to establish the same, it was necessary for the State to show beyond a reasonable doubt that defendant, or some one, on the date aforesaid, burglariously broke into said building with the intent to commit a crime. For aught that appears from the evidence, the few dollars worth of goods found in the sack, if they were ever in said

316 Mo.—12.

building, may have been bought in the ordinary course of business, instead of being obtained by burglary. The State not only failed to produce substantial evidence tending to show that defendant burglariously broke into said building on the date aforesaid with the intention of committing a crime, but there is an entire failure of proof tending to show that he was in the building on said date, or that said goods were ever stolen from the store in the commission of a burglary, or otherwise. The court in its instruction four, informed the jury that, in contemplation of law, defendant was presumed to be innocent, and that the jury, in order to convict, would have to find from the evidence, that defendant, on the date aforesaid, burglariously broke into said building with the intention of stealing goods therefrom. Considered from the viewpoint of even conjecture, the State signally failed by legal proof to make a prima-facie case of burglary in the second degree. [State v. Capps, 278 S. W. 695; State v. Buckley, 274 S. W. 74; State v. Tallo, 274 S. W. 469; State v. Goodson, 299 Mo. 321, 252 S. W. 389; State v. Hays, 252 S. W. 380; State v. Whalen, 297 Mo. 241, 248 S. W. 931; State v. Casey, 247 S. W. 114; State v. Pope, 246 S. W. 888; State v. Bowman, 294 Mo. 245, 243 S. W. 110; State v. Singleton, 294 Mo. 346, 243 S. W. 147; State v. Remley, 237 S. W. 489; State v. Hollis, 284 Mo. 627, 225 S. W. 952; State v. Morney, 196 Mo. l. c. 49, 93 S. W. 1117.]

In State v. Whalen, 297 Mo. 248, we reversed and remanded the cause on account of the failure of the information to charge that defendant feloniously and burglariously broke into said bank building, etc.

In State v. Casey, 247 S. W. 114 and following, we reversed and remanded the cause, for the reason that the evidence—as in this case—failed to show that defendant was ever in the bank building where a burglary or larceny had actually occurred.

When these cases were decided, it constituted burglary in the second degree if a man burglariously broke into the building to commit a felony, but the law was changed in 1921, as heretofore set out, and it is now made burglary in the second degree if a person breaks into the building to commit any crime.

Without extending this discussion further, we hold, that the record is devoid of any substantial evidence sustaining the charge of burglary in the second degree.

II. The court is charged with error in permitting Frank Williams, a fireman on the railroad, to testify that about three weeks prior to August 30, 1925, and about 2:25 or 2:30 o'clock in the morning, he saw defendant in the above store, while it was lighted, behind the

counter. This evidence was objected to by counsel for de-
**Other** fendant, because it referred to a different time and trans-
**Acts.** action, and in no way was it connected with the subject-
matter of this litigation. The above testimony was incompetent for
any purpose. Even if another alleged burglary could be shown,
which it is not necessary to determine here, the facts as stated by
Frank Williams, do not tend to establish burglary or any other
crime. It is not claimed or shown that the store was robbed at that
time. The evidence signally fails to show that defendant broke into
the building to commit a crime, or that he broke into it at all. It
does not show, that the owners of the building were not present, nor
does it tend to show, that defendant, in the lighted store was doing
anything improper. In this connection, the defendant testified, that
he never broke into the above building at any time, and denied that
he was in the building as testified to by Frank Williams. Even if
it were true, that defendant was in the Essner building as stated by
Williams, it did not prove that he was guilty of burglary by breaking
into the store at that time, nor did it tend to show that he broke into
the building on August 30, 1925.

The foregoing evidence of Williams was clearly incompetent and
should have been excluded.

III. On account of the errors heretofore pointed out, we reverse
and remand the cause, to be proceeded with in conformity with the
views herein expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted
as the opinion of the court. All of the judges concur.