THE STATE v. WILLIAM ALLEN, Appellant.—126 S. W. (2d) 236.

Division Two, March 15, 1939.

*Sigmund M. Bass* and *John Grossman* for appellant.

*Roy McKittrick,* Attorney General, and *Tyre W. Burton,* Assistant Attorney General, for respondent.

TIPTON, J.—In the Circuit Court of the City of St. Louis, the appellant was convicted of burglary in the first degree and his pun-

ishment was assessed at imprisonment in the State penitentiary for a term of five years. From the judgment and sentence of that court, he has duly appealed.

The appellant's first assignment of error is that the trial court should have sustained his demurrer to the evidence. The information was based upon the third subdivision of Section 4042, Revised Statutes 1929, which declares the breaking into and entering the dwelling house of another, in which there shall be at the time some human being, with the intent to commit some felony or any larceny by unlocking an outer door by means of false keys, or picking the lock thereof, to be burglary in the first degree.

The evidence tends to show that Elizabeth Thompson lived with her parents at 5045 Lindell Avenue in the city of St. Louis; that on November 7, 1936, about 8:30 P. M., she started up the stairs; that she saw a man coming into the front hallway from the back hallway on the second floor of the house; that she later identified the appellant as the man she saw in the hallway; that four or five years previous to that time the appellant had worked as a butler in the Thompson home; that at that time he had a key to the side door; that when he left the employ of her father, Miss Thompson did not know whether or not he kept the key; that her brother, Rumsey Thompson, testified that his room was on the third floor of the house; that on the date in question he had left $30 in his room and that when he returned about midnight of that night this sum of money was missing; and that appellant was arrested two days later.

One of the essential elements of proof of a charge of burglary is that there must be a breaking into and an entry. If the doors and windows were left open, there could be no burglary. [State v. Bates, 182 Mo. 70, 81 S. W. 408; State v. Goddard, 316 Mo. 172, 289 S. W. 651; State v. Kennedy, 16 Mo. App. 287; State v. Wilson, 225 Mo. 503, 125 S. W. 479.]

The appellant's demurrer to the evidence should have been sustained as there was absolutely no evidence that the doors and windows had been secured or closed. In fact, there is no proof that the house had any doors or windows. Under the information, it was necessary for the State to prove that the appellant gained entrance to the house by means of a false key or by picking the lock. As above stated, there is no proof that the doors were closed, let alone that they were locked.

The State may be able at another trial to prove additional evidence tending to prove the appellant guilty as charged; if not, the prosecution must fail. The judgment of the circuit court is reversed and the cause remanded. All concur.