STATE of Missouri, Respondent,

v.

**Ronald NEELY, Appellant.**

No. 40510.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1979.

Application to Transfer Denied
July 17, 1979.

Robert C. Babione, Public Defender, Judge L. Clark, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction of Burglary in the First Degree. He was charged under the Second Offender Act, waived a jury and upon conviction, was sentenced to twelve years in the Department of Corrections.

The evidence, when cast in a light most favorable to the state, demonstrated that defendant and another entered a home at 1601 Belt, St. Louis, Missouri, shortly after midnight on September 23, 1977. The owner was at work and had left her three children (18 year old James and 16 year old Jackie, both boys; and, Celestine, an 11 year old girl) at home. The two younger children were asleep when a pair of men came to the door claiming they were police officers who had received a call regarding a disturbance at this address. James refused them admittance, stating no such call had been made. The pair left, but returned within minutes again asking to be admitted. James again refused and this time called the police himself. Hearing a noise which seemingly came from a bedroom he shared with his brother, he went to investigate. He was met in the kitchen by defendant who was holding a gun to his brother's head.

The three children were led to the basement and locked in a closet. The pair ransacked several rooms in the home but the police arrived just as defendant was attempting to leave. James' watch, which he had left on his dresser, was found on defendant's person.

The testimony revealed that before the burglary, all the doors and windows in the home were closed and locked, save one window in the boys' bedroom which had been left open approximately one inch. After the burglary, the sash was open much wider. Defendant claims that this evidence was insufficient to establish a "breaking" and thus his conviction for Burglary in the First Degree cannot stand.

We first refer to Section 560.040 RSMo 1969 which states:

Every person who shall be convicted of breaking into and entering the dwelling house of another, in which there shall be at the time some human being, with intent to commit some felony or larceny therein, either: First, by forcibly bursting or breaking the . . . window . . . of such house . . .; or, second by breaking in any other manner, being armed with some dangerous weapon, or with the assistance and aid of one or more confederates, then actually present aiding and assisting; or, third, by unlocking an outer door by means of false keys, or by picking the lock thereof, shall be adjudged guilty of burglary in the first degree.

The Missouri Supreme Court recognized three distinct modes of burglarious entry provided by this statute in *State v. Young*, 345 Mo. 407, 133 S.W.2d 404 (1939). In the instant case, defendant was not charged with "forcibly bursting or breaking" or with the use of "false keys," etc., but only with "breaking" while being armed with a dangerous weapon. There was evidence that the entry was into the dwelling of another in which there was, at the time, a

**354**

human being. On appeal, the sole issue presented for our consideration is whether the raising of the window from a height of one inch to a height sufficient for entry was an adequate demonstration of a "breaking" as the statute's second mode required.

It has been held that entry through an *open* door or window does not constitute burglary. *State v. Allen,* 344 Mo. 335, 126 S.W.2d 236[1] (1939). However, the raising of an unlocked, but *unopened,* window in order to gain entry is a sufficient "breaking" to establish burglary. *State v. O'Brien,* 249 S.W.2d 433[1–4] (Mo.1952). See also, *State v. Sullivan,* 452 S.W.2d 802 (Mo.1970). We are of the belief that the raising of the *partially* opened window, as the evidence shows here, is a sufficient breaking as contemplated in the second mode of § 560.040 RSMo 1969. We find no Missouri cases so holding, but feel such a determination comports with the modern trend. See cases cited in 70 A.L.R.3d 881 (1976).

It is inconsistent to say that the mere lifting of a closed window is a "breaking" but the further raising of a partially opened window is not. The force required in both instances would be of the same character, differing only in degree.

It seems to us that what the cases are saying, except those where the charge is "forcibly bursting or breaking" under § 560.040 RSMo 1969, is that "breaking" occurs whenever there is the slightest application of force to push aside any part of the structure which forms an obstacle to entrance and which is relied upon as security against intrusion. This is entirely different from a situation where an intruder can gain entry without the use of any force at all, such as through a *fully* opened window or door.

Therefore, as defendant was required to apply force to raise the window from an opening of one inch to that sufficient for him to enter, the essential "breaking" element of Burglary in the First Degree was both alleged and proved. The other ele-ments having also been alleged and proved, we find no error.

Judgment affirmed.

GUNN and CRIST, JJ., concur.