STATE of Missouri, Respondent,

v.

John A. FULLER, Appellant.

No. 43711.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 29, 1981.

David A. Horwitz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Defendant was charged with burglary in the second degree and stealing under §§ 560.045 and 560.156, RSMo. 1969, which were in effect on the alleged date of the crimes. He was convicted by a jury and sentenced to serve concurrent terms of eight and five years' imprisonment. His sole point on appeal is that the state failed to prove the element of "breaking" that appeared in the § 560.045, RSMo. 1969 definition of burglary in the second degree:

Every person who is convicted of breaking into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as do not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree.

and the trial court therefore erred in overruling his motion for judgment of acquittal.

To test the sufficiency of the state's case in a criminal prosecution by a motion for judgment of acquittal, the probative evidence favorable to the state is taken as true, as are all the legitimate inferences to be deduced therefrom, and all evidence and inferences contrary thereto are disregarded. *State v. Lieberknect*, 608 S.W.2d 93, 97 (Mo. App.1980). Before the victim left for work on the morning the crimes were committed, she closed and locked all of her home's doors and windows. When she returned later that day, she noticed as she turned into her driveway that a glass slat half-way up her front door's jalousie window had been forced up on its track, which would allow the door to be opened from the inside. She knew then that her home had been broken into. After getting out of her car, she heard noises made by the defendant and two others inside the house. She screamed, and a moment later the defendant and his confederates fled the house. Defendant was apprehended soon after.

The jury could find that defendant gained entry to the victim's residence by forcing up the glass slat on the front door's jalousie window. That act would constitute a "breaking" under the earlier burglary statutes. See: *State v. Neely*, 582 S.W.2d 352, 354 (Mo.App.1979); *State v. O'Brien*, 249 S.W.2d 433, 434 (Mo.1952). The trial court did not err in overruling defendant's motion for judgment of acquittal.

The judgment is affirmed.

REINHARD and SNYDER, JJ., concur.