STATE v. EUGENE WILLIAMS, Appellant.—No. 40523.—204 S. W. (2d) 748.

Division One, October 13, 1947.

*John M. Bragg* for appellant.

*J. E. Taylor,* Attorney General, and *William C. Blair,* Assistant Attorney General, for respondent.

HYDE, J.—Defendant appeals from conviction of burglary with sentence of two years in the penitentiary. The only assignments in his brief are that there was no substantial evidence to support the verdict and that he was entitled to a directed verdict.

In considering the record proper we find that the information charged both burglary and larceny in one count as authorized by Section 4448 (all references are to R. S. 1939 and Mo. Stat. Ann.); but the instructions submitted only the charge of burglary in the second degree. (See Section 4440.) Nevertheless, the jury in a general verdict found the defendant "guilty as charged in the information." However, since the verdict assessed punishment at only two years (the minimum for each one of the two charges) this must constitute a finding of guilty only as to that offense charged in the information which was submitted. So instructing on only the first of two counts has been held "tantamount to an election by the State of an abandonment of the second count and a reliance on the first." [State v. Clark, 147 Mo. 20, l. c. 29, 47 S. W. 886; see also State v. Lovitt, 243 Mo. 510, l. c. 522, 147 S. W. 484, holding verdict good when "made definite and certain by reference to the pleadings and instructions."]

1050

This is not such a case as State v. Highley (Mo. Sup.), 102 S. W. (2d) 563 where the instructions were not before the court because no bill of exceptions, had been allowed and made part of the record. We, therefore, hold that this verdict, considered in connection with the instructions, leaves no doubt of which offense the defendant was convicted.

Burglary was submitted on the theory the defendant was guilty if "defendant and one Leroy Robertson and Alma Williams confederated and agreed to unlawfully and feloniously break and enter the store building of one Walter Fitzgerald as set forth in Instruction No. 1 and that after such agreement or confederation was entered into by the aforesaid parties and the defendant herein that either of the said parties namely, Eugene Williams, Alma Williams or Leroy Robertson did feloniously break into and enter said store building with the intent to steal and carry away any goods, wares and money therein situate, then all of the parties who entered into such agreement if any, are equally guilty." (Instruction II.) Defendant contends that the verdict rests on suspicion only and that there is no substantial evidence to connect him with the crime.

The Fitzgerald store was entered by breaking a lock on a door on the night of November 19, 1946. About $150.00 was taken from the cash register and other articles were missing including cookies, candy, cartons of cigarettes, packages of shoe strings and underwear. It was shown that on the afternoon of the 19th, when only the two Fitzgerald girls were in the store, defendant came in with his half-brother Alma, 18 years old, and Leroy Robertson, 16 years old. Defendant bought a box of crackers and they all "stood there and looked around", for about ten or fifteen minutes. Defendant and his brother lived near the store and had been there before; but Robertson lived in Springfield and this was the first time he had ever been there.

Defendant's two half-sisters, as state's witnesses, testified that, when Alma and Leroy left the house that night, defendant went to bed. The boys came back about one or two o'clock, woke up defendant and divided money and other articles between them and defendant on the dresser; that nothing was said when they divided the money; and that defendant did not ask any questions about it. The boys then left going outside the county. Defendant went to Ava that morning and the Sheriff arrested him later that day. The Sheriff took $12.00 from him, got $5.00 more from a woman to whom he had paid it. He also found some bundles of shoe strings, some cigarettes and underwear.

Robertson, as a witness for defendant, said he entered the store and took the money and property; that Alma stayed up the road; and that they gave defendant one-third of the money taken, which he said was not over $75.00, and divided the other articles with him. He denied that they ever discussed with defendant what they were plan-

ning to do and said he and Alma planned it in Springfield before they came to defendant's home. However, they stayed there three or four days before November 19th. Alma Williams, also as a witness for defendant, gave similar testimony except that he denied he and Leroy had ever discussed the matter in Springfield. He said it was first mentioned by Leroy on the afternoon of November 19th after they had visited the store with defendant. He likewise denied that it was ever discussed with defendant but said that they did not owe him anything, that they never gave him any reason for dividing the money and property with him; and that he did not ask where they got it. Defendant did not testify.

The law is settled that a person who conspires with another to commit burglary (or other crime) may be convicted of burglary although not present at the time and place of the burglary. [12 C. J. S. 689, Sec. 29; 14 Am. Jur. 823, Sec. 80; State v. Linders, 299 Mo. 671, 253 S. W. 716; State v. Cummins, 279 Mo. 192, 213 S. W. 969; State v. Greenwade, 72 Mo. 298; see also State v. Holloway, 355 Mo. 217, 195 S. W. (2d) 662 and cases therein cited.] Likewise, such "a conspiracy, prima facie, may be shown by circustantial evidence, the verity of which is for the jury." [State v. Bresse, 326 Mo. 885, 33 S. W. (2d) 919; see also State v. Menz, 341 Mo. 74, 106 S. W. (2d) 440 (citing earlier cases); State v. Hicks, 353 Mo. 950, 185 S. W. (2d) 650.] We think there was sufficient evidence herein to support the verdict, although it was all circumstantial. Defendant went to the store, with the boy who actually broke into it, on the afternoon before the burglary. The boy had never been there before and they stood in the store and looked around for some time. It is true that the state's evidence showed that defendant did not accompany the boys to the store that night. Neither did policeman Cummins, in State v. Cummins, supra, accompany the burglar Franke in that case; but they had conspired that Franke was to commit burglaries at places designated by Cummins and divide what they got. Likewise, in State v. Linders, supra, the defendant was not present at the time and place of the burglary and according to the evidence only larceny and not burglary was contemplated. However, we held that defendant was properly convicted of the burglary because it was committed in the course of the perpetration of the crime of larceny for the commission of which the defendant had conspired with the person who actually did the breaking and stealing. In this case, it was shown by the evidence of both the state and the defendant that after the burglary the boys brought back the money and goods, taken from the store, directly to defendant and immediately divided everything equally with him. █ Not only was there no explanation made for doing this but it was further shown by all of the evidence that defendant did not ask any questions about what this property was, where it came from or why it was being divided with him. Therefore, it might

reasonably have been inferred from all of these circumstances that defendant had conspired with the two boys to plan the crime; that he was expecting the boys to return with money and goods from the Fitzgerald store; and that he had an agreement with them that they would divide everything equally with him. We, therefore, hold that there was sufficient substantial evidence for the court to overrule defendant's request for a directed verdict and submit the case to the jury.

The judgment is affirmed. All concur.