**STATE of Missouri, Respondent,**

**v.**

**Oscar Maxwell WHEELER, Appellant.**

**No. 56479.**

Supreme Court of Missouri,
Division No. 1.

April 10, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Alfred I. Harris, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from eight-year sentence, imposed under Second Offender Act, after jury trial and verdict of guilty of burglary, second degree.

Mrs. Freddie Nelson and her 16-year-old son, Kenneth, occupied a four-room, first floor apartment at 5403 Ruskin Avenue in the City of St. Louis. Mrs. Nelson went to work on the morning of Friday, March, 13, 1970, leaving Kenneth in the apartment. Kenneth remained in the apartment until around 3:00 P.M. when he left, with the front and rear doors of the apartment closed and locked.

When Kenneth returned to the apartment with Ricardo Mintz, after an approximately 15-minute absence, Ricardo noticed that the front door was open. Kenneth entered the apartment and saw a man later identified as Oscar Maxwell Wheeler in the kitchen at the rear door. The intruder left by the rear door. Kenneth went out by the front door and recognized a person whom he met outside the building as the person he had seen in the apartment. He passed within two feet of him and noticed a scar and piece of tape on his chin. Because he feared the man might resort to force, Kenneth said nothing to the man.

Within a short time a police car appeared and Kenneth stopped it and told the policemen what had happened. He described the person as wearing a black and white hat, a black trench coat and dark trousers. He also described the scar and tape.

Kenneth got in the police car and when the car passed Wheeler within about a half block of the apartment house, Kenneth pointed him out as the intruder and the police placed him under arrest. When arrested Wheeler was wearing a black and white hat, a black trench coat and dark trousers. He had a piece of adhesive tape on his right cheek.

Mrs. Nelson returned home at about 3:40 and found Kenneth and the police at the apartment. A check of the premises showed nothing missing except two unopened packs of Pall Mall cigarettes which had been in Mrs. Nelson's dresser drawer.

Search of Wheeler's person upon his arrest and at the police station produced nothing significant. At the police station, Wheeler did open a pack of Pall Mall cigarettes and smoked one of them. He had only one pack. Wheeler's auto was parked near the apartment building. Thorough search of the vehicle produced nothing which might have been used to force entry to the apartment. Entry had apparently been gained by prying at the door facing in the vicinity of the lock with a heavy metal tool.

Wheeler testified that he was going to Alton in search for a job as a welder. He had driven from his home, some 3½ miles from the burglary scene, when he discovered he did not have his billfold. He parked his car and took a cab to his residence and got his billfold. He then took a bus back to the vicinity of where he had parked his car. He had left the bus and was walking toward his car when he was arrested.

The only contention of appellant here is that the state failed to sustain its burden of proving defendant guilty beyond a reasonable doubt of the alleged crime. Under such a claim of error, this court determines only whether the state's evidence, viewed in the light most favorable to the verdict, is legally sufficient to induce a belief of guilt of the defendant beyond a reasonable doubt. State v. Smith, Mo., 377 S.W.2d 241, 244[1, 2]. This court does not weigh the evidence to determine whether the charge has been proved beyond a reasonable doubt. That is the function of the jury under proper instruction. State v. Odom, Mo., 353 S.W.2d 708, 710[2].

Here the defendant was identified as the person found within the apartment of another, with the locked door forcibly opened. Upon being discovered he fled and was apprehended within a short time in the vicinity of the scene of the burglary. These facts and circumstances are sufficient to permit a finding beyond a reasonable doubt that he broke into and entered the apartment and to permit the further finding that the breaking and entry were with the intent to steal. State v. Whitaker, Mo., 275 S.W.2d 316, 319[5–9]; State v. Farris, Mo., 243 S.W.2d 983, 985–986 [1]; State v. Powell, Mo., 357 S.W.2d 914, 917[1–3]; State v. Lugar, Mo., 84 S.W.2d 614.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.