STATE of Missouri, Respondent,

v.

Ralph James KRECH, Appellant.

No. 34560.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 27, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., George R. Westfall, Asst. Pros. Atty., G. Michael O'Neal, Asst. Atty. Gen., Clayton, for respondent.

J. Kehlor Carr, Jr., Clayton, for appellant.

CLEMENS, Judge.

A jury found defendant guilty of second-degree burglary (§ 560.070)[1] and the court sentenced him under the Habitual Criminal Act, (§ 556.280) to six years confinement. Defendant appeals on the grounds the verdict was not supported by the evidence and the trial court erred by giving a "hammer" instruction.

█ Law officers apprehended defendant and another man during the nighttime while prying open a vending machine in front of a service station. Defendant's fingerprints were found in a car parked nearby; the other man's fingerprints were found at the back door of the station which had been burglariously entered; the two men had been together all night. This was sufficient evidence to show defendant guilty of burglary. State v. Whitaker, Mo., 275 S.W.2d 316 [12–14]; State v. Cobb, Mo., 444 S.W.2d 408 [1, 2].

█ After the jury had deliberated over five hours the court gave a short, temperate instruction[2] encouraging the jury to reach

1. Statutory references are to RSMo 1969, V.A.M.S.

2. "At this time, after you have been deliberating, I give you this additional instruction. It is desirable that there be a verdict in every case. It costs considerable money and time and effort to try any lawsuit and the parties are entitled to have their rights determined once and

a verdict. The instruction was not coercive and the trial court did not abuse its discretion in giving it. Compare State v. Raspberry, Mo., 452 S.W.2d 169 [19, 20].

Judgment affirmed.

DOWD, C. J., and WEIER and McMILLIAN, JJ., concur.

for all in every case, and the twelve jurors chosen to try this case shall be well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts, however, no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue, yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict."