OPINION CONCURRING IN PART AND DISSENTING IN PART
George W. Draper III, Judge .
T concur in the principal opinion’s holding that the Circuit court did not err by overruling Justin Floyd Eugene Jones’ (hereinafter, “Jones”) motion for judgment of acquittal on the charge of resisting arrest and Jones’ motion for a continuance. I respectfully dissent, however, from the principal opinion’s holding that'there was sufficient evidence upon which a jury could find beyond a reasonable doubt that Jones was guilty of committing armed criminal action during the course of the burglary of C.H.’s home. I would hold there was insufficient evidence to support the armed criminal action conviction associated with the burglary charge because Jones completed the burglary as soon as he crossed the- threshold into C.H.’s garage and there was no evidence to support the fact that Jones completed the burglary by, 'with, or through the use, assistance, or aid of the gun he possessed.
Section 569.160.1(3), RSMo 2000,[1] provides that a person commits first-degree burglary:
[I]f he [or she] knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure -for the purpose of committing a crime therein, and when in effecting entry -or while in the- building or inhabitable structure ... [t]here is present in the structure another person who is not a participant in the crime.,
“[A] person ‘enters unlawfully or remains unlawfully[1] in or upon premises when he [or she] is not licensed or privileged to do so.” Section 569.010(8). Section '571.015.1 states a person commits armed criminal action when that person “commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly- weapon..,” Jones does not challenge the sufficiency of his underlying burglary conviction.
The indictment charged Jones with committing the act of burglary when he knowingly entered unlawfully an inhabitable structure for the purpose of committing a robbery -and while in the structure other people who were not participants in the crime were present. The associated armed criminal action count charged Jones with committing the burglary by, with and through, the knowing use, assistance and aid of a deadly weapon.- . The jury was instructed accordingly. The principal opinion ignored how Jones was charged for burglary and the caselaw that discusses when a burglary is completed, which I believe are critical components of the analysis of Jones’ claim on appeal.
“[A] conviction for burglary requires distinct findings of both unlawful entry and intent to commit, a crime therein.” State *115 v. Cooper, 215 S.W.3d 123, 127 (Mo. banc 2007). In State v. Pigques, 310 S.W.2d 942 (Mo.1958), this Court explained:
Entry is an ’essential element of the crime qf burglary as understood at common law and as defined by our statute.... Literally, ‘entry[1] is the act of going into the place after a breach, has been effected, but the word has a broader significance in the law of burglary, for it is not confined to the intrusion of the whole body, but may-consist of the insertion of any part for the purpose, of committing a felony...,. An entry of a building, that is, an entry (with intent to steal) of the space within the building, is necessary to a completed crime of burglary, but,any. entry, however slight (by and part of the body), procured by breaking, with intent to. steal (or to commit another crime therein, as the charge may be) is sufficient.
Pigques, 310 S.W.2d at 945. (Internal citations omitted and emphasis added). See also State v. Whitaker, 275 S.W.2d 316, 319 (Mo.1955) (holding it was not necessary that a defendant, get his “whole body” into a structure to commit a burglary because “[t]he least entry of any part of the body is sufficient”); State v. Tierney, 371 S.W.2d 321, 323 (Mo. 1963). Several cases have analyzed remarkably similar factual scenarios, to Jones’ in which the defendant completed his unlawful entry to commit a burglary and then used a weapon thereafter to commit additional offenses once the burglary was complete.
In State v. Carpenter, 109 S.W.3d 718 (Mo.App.S.D.2003), the defendant entered a home by breaking out the glass and kicking in the back door while possessing a shotgun. Once inside, the defendant fired the shotgun. Carpenter, 109 S.W.3d at 720. The defendant was convicted of armed criminal action associated with burglary. Id. at 721. On appeal, the defendant argued there was insufficient evidence presented that he gained entry into the home by use of the shotgun when the evidence demonstrated he broke the glass and kickqd the back door open. Id. The court agreed, stating, “[T]he crime of [armed criminal action] is committed in a burglary setting if the weapon or instrument is used to gain entry for the purpose of committing a crime therein.” Id. at 723. The court interpreted sections: 569.160 and 571.015 to require the state to proye that a defendant used a weapon to gain entry into a building for the purpose of committing a crime therein by threatening the occupant or breaking open a door with a weapon. Id.- The court noted the critical distinction between charging the defendant with unlawfully entering versus unlawfully-remaining in the building for purposes of burglary and armed criminal action. Id. at 723-24. “What did or did not follow ■upon his unlawful entry is wholly immaterial to a determination whether [the defendant] committed the crime of first-degree burglary as it was charged here.” ■ Id. at 723.
Carpenter relied heavily on State v. Dudley, 51 S.W.3d 44 (Mo.App.W.D.2001). In Dudley, the court reversed a conviction for armed criminal action associated with burglary when the defendant gained entry into the home by kicking in the door then, once inside, used a gun to murder the victim. Dudley, 51 S.W.3d at 48. On appeal, the state conceded it failed to prove armed criminal action because it did not show the defendant gained entry into the victim’s home by using the gun because the only evidence presented was that the defendant entered the house by kicking in the door. Id. at 52. The court agreed, finding “there is nothing in the record from which a reasonable jury could infer.that [the defendant] entered the vie- *116 tim’s house unlawfully by, with, or through the use, aid, or assistance of a gun.” Id.
In State v. Hopkins, 140 S.W.3d 143 (Mo.App.E.D.2004), the defendant had to enter four separate doors to reach the victim inside the home, whom the defendant then stabbed. Hopkins, 140 S.W.3d at 147. The defendant was charged with armed criminal action and burglary. Id. at 158. The court reversed the defendant’s armed ■■criminal action conviction, finding that, as the crime was charged, the defendant completed the burglary upon his unlawful entry into an occupied home with the ■ intent to commit assault. Id. (Emphasis added). The court explained that while there was sufficient evidence that a dangerous instrument was used to commit the assault once inside, evidence of the weapon’s use to commit the burglary was “virtually non-existent.” Id. at 159. The- court stated, “[T]he events that occurred subsequent to that unlawful entry are not relevant to a determination. of whether [armed criminal action] in connection with the underlying felony of first-degree burglary, as charged, was committed here.” Id.
In State v. Collins, 188 S.W.3d 69 (Mo. App.E.D.2006), a defendant entered a woman’s apartment while she was asleep by breaking the glass on the front door and opening the door. While inside, the defendant used a gun during the course of a rape and robbery, Collins, 188 S.W.3d at 72. The defendant was charged with burglary and armed criminal action, among other charges. Id. The court reversed the defendant’s conviction for armed criminal action, relying on’ Carpenter, Dudley, and Hopkins. Id. at 74-75. The court1 found "the state failed to offer any evidence the defendant entered the victim’s apartment “by, with, or through the use, aid, or assistance of a gun.” Id. “While there was evidence that [the] [defendant'had a gun, there was no evidence that he used his gun'to gain entry into [the] [v]ictim’s apartment.” • Id. ' 1 ■
Finally, in Obasogie v. State, 457 S.W.3d 793 (Mo.App.E.D.2014), a man entered the victim’s home while thé victim was asleep. Obasogie, 457 S.W.3d at 795. The victim awoke and saw the defendant and another man, ’ both carrying firearms, enter her home through the back door. Id. The defendant discharged his"-firearm while inside. Id. The defendant was charged with burglary and armed criminal action. Id. In his postconviction relief proceedings, the defendant argued the motion court incorrectly clistinguished' his case from Carpenter and Dudley when holding-appellate counsel was hot ineffective for failing to raise a" sufficiency of the1 evidence challenge in the defendant’s' direct ap'péal. Id. at 797-98. The court of appeals affirmed, finding the defendant “was openly displaying a gun in his hand as [the victim] saw him enter her house. The jury could reasonably infer that there was an implicit threat to [the victim] by [the defendant’s] display of the gun m his hand.... ” Id. at 798. The court also- distinguished Carpenter, explaining: ¡
The dicta -in Carpenter that defendant would have had to use the gun to break open the door or display a weapon and explicitly threaten someone to gain entry, was not required by the language of the statute and' was not necessary to reach its holding in that case.

Id.

The principal opinion makes short work of the holdings in Carpenter, Hopkins, and Obasogie, dismissing them- as incorrect because “use” is not the only term used in section 571.015 to 'commit armed criminal action. The principal opinion reads section 571.015 so expansively, essentially construing its “nine permutations” in such a way as to render “use, aid; or assistance of a *117 weapon” synonymous with intent to use a weapon or mere possession of a weapon during the commission of another offense. The principal opinion concludes that any other construction of section 571.015.1 robs the words “assistance” and “aid” of any meaning in defining armed criminal action.
In State v. Reynolds, 819 S.W.2d 322 (Mo. banc 1991), this Court addressed similar facts and came to a different conclusion. In that case, the defendant .entered a home by breaking the glass of a door, reaching inside, and unlocking the door to enter, while carrying a knife in a sheath inside of k boot. Reynolds, 819 S.W.2d at 327. Once inside, the victim shot at the defendant, and the defendant fled. Id. The defendant was charged with burglary and armed criminal action.. Id. This Court explicitly rejected the theory that-it sufficed to prove the knife was in the defendant’s possession and accessible during the burglary to show the defendant committed armed criminal action. Id. This Court construed section 571.015 to mean, “the use of a dangerous instrument or deadly weapon is an element of the crime ...” and “that the intention to use, without actual use, is not enough to convict under the statute.” Id. at 328-29.
Even if one adopts the principal opinion’s expansive reading of section .571.015, which is contrary to Reynolds, there is still no evidence in the record that demonstrated how Jones used the gun or how the gun assisted or aided him in crossing the threshold into the garage. The principal opinion recognizes, “C.H. testified that she saw Jones immediately after he crossed the threshold of the garage.” Op. at 107 (emphasis added). The principal opinion ignores this Court’s prior caselaw. that discusses when an unlawful entry is completed to support a burglary charge.
In this case, the evidence demonstrated there were sensors inside of C.H.’s garage that triggered the door to reopen if there was some type of obstrüction. Due to the placement of the sensors, it was impossible for Jones to trigger the sensors without inserting some part of his body into the garage. ' Under Pigques and Whitaker, Jones accomplished' entry as soon as some part of his body triggered the sensors. Therefore, the crime of burglary was complete when Jones unlawfully entered the garage and triggered the sensors, which was before C.H. saw him or the gun. See Carpenter, 109 S.W.3d at 723 (finding burglary was completed upon the defendant’s unlawful entry into the victim’s home with the intent to assault her); Hopkins, 140 S.W.3d at 159 (holding burglary was completed upon unlawful entry into the victim’s home); Collins, 188 S.W.3d at 75 (folding defendant completed the burglary upon his unlawful entry into the victim’s home).[2] Finally, the completion of the burglary upon entry also contradicts the argument that Jones implicitly threatened C.H. with the gun to gain entry into the garage, distinguishing this case from Oba-sogie.
Jones undoubtedly used the gun to assist and aid him to remain unlawfully inside C.H.’s home and commit the subsequent robbery and assault. The state had the option of charging Jones with remaining unlawfully by use of the gun or that in *118 effecting entry into the garage, Jones was armed with a deadly weapon.[3] See section 569.160.1(1). Had the state pursued either of these alternatives under the burglary statute, there would be no dispute that Jones committed the associated armed criminal action charge. However, the state charged Jones with unlawfully entering the garage by, with, or through the use, assistance, or aid of the gun. The principal opinion works diligently to overcome the charging documents and ignores the corresponding instructions submitted to the jury. Further, the principal opinion has expanded section 571.015 to now punish any mere intention to use (without actual use) or mere possession of a weapon during the course of an offense as sufficient to constitute armed criminal action. Moreover, even setting aside the dicta from Carpenter that posited one must physically shoot through the door or explicitly threaten a.victim, the record demonstrates Jones did not use the gun to effectuate entry into the garage because he was inside before C.H. observed him. Accordingly, I would find there was insufficient evidence to support Jones’ conviction for armed criminal action associated with first-degree burglary and reverse his conviction on that count.

. All further statutory references are to RSMo 2000.

. See also, Wharton’s Criminal' Law § 324 (15th ed.), stating:
A burglary is committed when, after breaking, the defendant enters with the requisite intent. Since the intended felony need not be committed nor even attempted, the burglary is completed upon the defendant’s entry. Therefore, the burglary is ‘completed’ at the precise point in time when it is Committed’;- it is committed when any part of the defendant’s person or an instrument being used for the purpose of committing the felony intended passes the line of the threshold.-

. This is not to suggest a defendant commits two separate burglaries by entering unlawfully and remaining unlawfully within the same inhabitable structure during the same criminal endeavor. There is no question section 569.160.1 contemplates several alternative charging scenarios that do not subject the defendant to multiple burglary charges for a single unlawful undertaking within an inhabitable structure,,